Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 15

FILED
1/14/2025 11:18 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10640
Calendar, 15
30961668

FILED DATE: 1/14/2025 11:18 AM 2024CH10640

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| RESTORATION HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2024 CH 10640 |
| v. | ) |
| | ) |
| ADVANCED HAIR RESTORATION, LLC, | ) |
| ADVANCED HAIR RESTORATION OF | ) |
| CHICAGO LLC, AND SPARK | ) |
| MANAGEMENT LLC, | ) |
| | ) |
| Defendant. | ) |

### AMENDED NOTICE OF MOTION – VIA ZOOM

**TO:**  Benjamin Lockyer, Esq.      Sara L. Pilson, Esq.
Lockyer Law LLC      Bamert Regan
6515 W. Archer Avenue      1113 Cherry Street, Unit 55215
Chicago, Illinois 60638      Seattle, WA 98104
ben@lockyerlaw.com      pilson@bamertregan.com;

       **PLEASE TAKE NOTICE** that on **January 17, 2025** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear **remotely (Zoom ID: 955 3557 3920 – No Password Required)** before the **Honorable Judge Anna M. Loftus,** the courtroom usually occupied by her at the Richard J. Daley Center, Chicago, Illinois, and shall then and there present the **Plaintiff's Motion for Temporary Restraining Order.**

| | | | |
|---|---|---|---|
| NAME: | BARNEY & KARAMANIS, LLP. | Attorney for: | Plaintiff |
| ADDRESS: | 180 N. Stetson, Suite 3050 | Atty No: | 48525 |
| CITY: | Chicago, IL 60601 | Telephone: | (312) 553-5300 |

### PROOF OF SERVICE

       I, Bonnie L. Luttrell, a non-attorney, state that I served the foregoing documents to all counsel of record as listed above, by electronic mail at or before 5:00 p.m. on the 14th day of January, 2025.

[X] Under penalties as provided by law

       pursuant to 735 ILCS 5/1-109, I
       certify that the statements set
       forth herein are true and correct.

SIGNATURE BY:

/s/ Bonnie L. Luttrell

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 15

FILED DATE: 12/13/2024 2:32 PM   2024CH10640

FILED
12/13/2024 2:32 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10640
Calendar, 15
30595484

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

RESTORATION HOLDINGS, LLC,
                Plaintiff,

      v.

ADVANCED HAIR RESTORATION, LLC,
ADVANCED HAIR RESTORATION OF
CHICAGO LLC, AND SPARK MANAGEMENT
LLC,

                Defendants,

Case No.:

## MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COMES Plaintiff, RESTORATION HOLDINGS, LLC, by and through its

attorneys, Barney & Karamanis, LLP, moving this Honorable Court for a temporary restraining

order against Defendants ADVANCED HAIR RESTORATION, LLC, ADVANCED HAIR

RESTORATION OF CHICAGO LLC, AND SPARK MANAGEMENT LLC.  In support of this

motion, Plaintiff states as follows:

## INTRODUCTION

Plaintiff RESTORATION HOLDINGS, LLC (hereinafter, "RESTORE") seeks to enjoin

ADVANCED HAIR RESTORATION, LLC, ADVANCED HAIR RESTORATION OF

CHICAGO LLC, AND SPARK MANAGEMENT LLC (collectively, "the Advanced Hair

Defendants") from infringing upon RESTORE's rights of publicity for the name and likeness of

Dr. Atilla Katona as it relates to his prior work with RESTORE, and to prevent the Advanced

Hair Defendants from employing and engaging Dr. Katona to practice hair restoration medicine

in and around Chicagoland in violation of an existing restrictive covenant agreement between Dr.

1

FILED DATE: 12/13/2024 2:32 PM   2024CH10640

Katona and RESTORE. Plaintiff will demonstrate through the following facts and law that RESTORE has ascertainable rights and a likelihood of success on the merits to enjoin Defendants from infringing upon those rights. This Honorable Court must issue a temporary restraining order and eventually a preliminary injunction in order to avoid irreparable harm to Plaintiff.

**DISCUSSION**

I.  **A TEMPORARY RESTRAINING ORDER IS NECESSARY TO PROTECT PLAINTIFF'S INTERESTS.**

Plaintiff seeks the entry of a temporary restraining order, and thereafter a preliminary injunction, (1) to compel the Advanced Hair Defendants to stop using the name and likeness of Dr. Katona as they relate to his work with RESTORE for any reason in any media, and (2) bar and prevent the Advanced Hair Defendants from employing or otherwise working with Dr. Katona within a 75-Mile radius of 1415 W. 22nd Street, Suite 950, Oak Brook, Illinois 60523 until 2031.

II.  **THIS COURT SHOULD ENTER A TEMPORARY RESTRAINING ORDER TO PREVENT FURTHER INJURY TO PLAINTIFF.**

The elements necessary for a temporary restraining order are well established. The movant seeking a temporary restraining order, "must demonstrate (i) an ascertainable right in need of protection, (ii) a likelihood of success on the merits, (iii) irreparable harm in the absence of injunctive relief, and (iv) the lack of an adequate remedy at law." *Bridgeview Bank Group v. Meyer*, 2016 IL App (1st) 160042, ¶ 12.

A.  **Plaintiff Has a Clearly Ascertainable Right in Need of Protection**

A temporary restraining order should issue because Plaintiff has a protectable interest, consisting of its exclusive right to own and use Dr. Atilla Katona's name and likeness in marketing and advertising as it related to his work with RESTORE, as well as its non-competition agreement

ancillary to the sale of business interest with Dr. Katona. "To show a clear and ascertainable right, [the movant] must raise a fair question that it has a substantive interest recognized by statute or common law." *Delta Medical Systems v. Mid-America Medical Systems*, 331 Ill. App. 3d 777, 789-90 (1st Dist. 2002).

In the present case, 765 ILCS 1075/10, 765 ILCS 1075/15, and 765 ILCS 1075/20 provide RESTORE with the right of publicity for a name and likeness of an individual. Plaintiff RESTORE obtained the right of publicity for Dr. Katona's name and likeness as it related to his work with RESTORE through the Transition and Separation Agreement referenced in Plaintiff's Complaint. Plaintiff's Complaint at ¶¶18-24. Section 16(a) of the Separation Agreement states that,

> "Except for any of Dr. Katona's practice, files, pictures patient lists, client procedures generated by Dr. Katona prior to April 1, 2014 (the "Dr. Katona Intellectual Property") (provided, however, any clients that were Dr. Katona's patients prior to April 1, 2014 and he did a follow up procedure for such patient on or after April 1, 2014, then intellectual property for such patient shall be the property of Restore), Restore is exclusive owner of all intellectual property rights associated with the Dr. Katona's affiliation with Restore, including but not limited to the associated service marks, trade mark, trade names, trade dress, copyrights, any variations of the foregoing, and any logos associated with any of the foregoing or other comparable intellectual or intangible property rights in connection Restore, specifically ***including his name and likeness*** all written, video and other material, including, but not limited to all intellectual property developed now or in the future in connection with the website http://www.restorehair.com or any other website of the Restore; and all other intellectual property now developed by Restore in connection with operation of the hair restoration or related services provided by Dr. Katona prior to the Separation Date (the "Restore's Intellectual Property Rights"). Dr. Katona forever quitclaims and agrees to convey and transfer to Restore of all of its Intellectual Property Rights and any goodwill associated with the Intellectual Property, including, but not limited to rights to celebrity endorsements, celebrity marketing material, any branding, marketing material associated with the Restore's business.

Plaintiff's Complaint at ¶29 (***emphasis added***).

FILED DATE: 12/13/2024 2:32 PM   2024CH10640

FILED DATE: 12/13/2024 2:32 PM    2024CH10640

Pursuant to Section 16 of the Transition and Separation Agreement (hereinafter the "Separation Agreement")[1], Dr. Katona agreed to transfer any and all rights of publicity of his name as it related to his work with RESTORE to Plaintiff Restoration Holdings, LLC. The Advanced Hair Defendants are clearly infringing upon that right of publicity through their radio advertisements when they say that, "[t]hose celebrities on billboards around town, most actually have their hair restored by Advanced Hair doctors like world class Dr. Katona!" Plaintiff's Complaint at ¶32. Since RESTORE is well known around Chicagoland as having the celebrity endorsed hair restoration billboards, such statements, when coupled with Dr. Katona's name make it clear that the Advanced Hair Defendants are directly referencing and infringing upon RESTORE's intellectual property and exclusive right of publicity. Plaintiff's Complaint at ¶¶4-5 and ¶¶32-35.

Moreover, Section 17 of the Separation Agreement consisted of a non-competition and non-solicitation agreement, for which Dr. Katona agreed and received consideration. Plaintiff's Complaint at ¶24, ¶26, ¶43, and ¶57. Plaintiff has a clearly ascertainable interest in preserving its non-competition agreement with Dr. Katona and to prevent competitors from inducing / hiring Dr. Katona to perform hair restoration procedures in and around Chicago. Section 17 of the Separation Agreement included restrictive covenants, which detailed that the Dr. Katona "shall not" within a seventy-five (75) mile radius of the Restore Office (1415 W. 22nd Street, Suite 950, Oak Brook, Illinois 60523) render or engage in hair restoration services that are the same as or essentially the same as the hair restoration services provided by with RESTORE for a period of five (5) years with the option to extend for an additional five (5) years for further consideration. Plaintiff's

---

[1] Due to the confidentiality provision of the Transition and Separation Agreement, a copy of the same has not been attached to this motion or Plaintiff's Complaint as an exhibit. The Separation Agreement, however, will be provided to the Court for review and to counsel provided that it is maintained as confidential and a protective order is entered.

FILED DATE: 12/13/2024 2:32 PM 2024CH10840

Complaint at ¶26. Additionally, this restrictive covenant was not merely related to a termination of an employment relationship, but was ancillary to the sale of Dr. Katona's business interest in RESTORE. Plaintiff's Complaint at ¶¶15-19. Restrictive covenants concerning the purchase of assets are viewed more favorably than those contained in employer-employee agreements due to the "arm's-length bargaining position of the parties." *Russell v. Jim Russell Supply, Inc.*, 200 Ill. App. 3d 855, 865, 558 N.E.2d 115, 123 (5th Dist. 1990). In considering restrictive covenants ancillary to the sale of a business, Illinois courts consider the extent to which the purchaser's goodwill extends or to which it might reasonably be expected to extend during the existence of the restriction. *Health Professionals, Ltd. v. Johnson*, 339 Ill. App. 3d 1021, 1032, 791 N.E.2d 1179, 1190 (3rd Dist. 2003). Illinois Courts have upheld restrictive covenants of similar scope and duration. *See Russell v. Jim Russell Supply, Inc.*, 200 Ill. App. 3d 855, 865 (5th Dist. 1990) (upholding a non-compete agreement with a 100-mile radius and 10-year restriction); *See also Hamer Holding Group v. Elmore,* 202 Ill. App. 3d 994, 1009 (1st Dist. 1990) (upholding the circuit court's ruling that a restrictive covenant for a 75-mile radius and 3-year restriction was "entirely reasonable in terms of geographical area and duration"); *Bauer v. Sawyer*, 8 Ill. 2d 351 (1956) (five years); *Wyatt v. Dishong*, 127 Ill. App. 3d 716 (1984) (five years); *Rhoads v. Clifton, Gunderson & Co.*, 89 Ill. App. 3d 751 (1980) (five years).

"The party seeking a preliminary injunction or temporary restraining order is not required to make out a case which would entitle him to relief on the merits; rather, he need only show that he raises a "fair question" about the existence of his right and that the court should preserve the status quo until the case can be decided on the merits." *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill. 2d 373, 382 (Ill. 1985). Given the terms of the Separation Agreement between Dr. Katona and Plaintiff RESTORE when coupled with the aforementioned statutes and caselaw, Plaintiff

FILED DATE: 12/13/2024 2:32 PM    2024CH10640

RESTORE clearly have ascertainable rights and interests conveyed by common-law and statute, which would entitle them to injunctive relief and a temporary restraining order.

**B.**     **Plaintiff will suffer irreparable harm if an injunction is not granted and has no adequate remedy at law.**

There will be irreparable harm to Plaintiff caused by Defendants if they are allowed to continue to infringe on Plaintiff's rights of publicity and allowed to employ and/or engage Dr. Katona in violation of his non-compete agreement. Such irreparable harm would include, but would not be limited to a loss of Plaintiff's clientele; damage to Plaintiff's reputation and goodwill; and a loss of business revenues and profits. The purpose of a temporary restraining order and/or preliminary injunction, "is to preserve the status quo in property or rights at issue until a final hearing on the merits can be held." *Ron & Mark Ward, LLC v. Bank of Herrin*, 2024 IL App (5th) 230274, ¶ 57. "Status quo is defined as the last, actual, peaceable, uncontested status that preceded the pending controversy." *Id.* In the present case, the last, actual, peaceable, uncontested status that preceded the pending controversy would be prior to the airing of any radio ads referencing Dr. Katona's name as it related to his work with RESTORE and prior to Advance Hair's employment/engagement of Dr. Katona to provide hair restoration services in Chicago. It is believed that though such services have been advertised, Dr. Katona has not yet started providing those services in or around Chicago through the Advanced Hair Defendants' Chicago office(s).

Here, a mere award of money damages will not make RESTORE whole because Plaintiff runs the risk of losing an existing customer base, the exclusive rights and use of Dr. Katona's name for marketing and publicity, and the goodwill associated with RESTORE's work in the Chicagoland marketplace. "Courts have found that the type of competitive losses alleged here often inflict irreparable injury and lack an adequate remedy at law, due to the difficulty in

FILED DATE: 12/13/2024 2:32 PM    2024CH10640

calculating the loss of existing and future business." *Liebert Corp. v. Mazur*, 357 Ill. App. 3d 265, 287 (1st Dist. 2005)(finding irreparable harm when there was a risk of the loss of future and existing business); *see, also, McRand, Inc. v. Van Beelen,* 138 Ill. App. 3d 1045, 1054-55 (1st Dist. 1985). If Defendants are allowed to continue the aforementioned violative and infringing activities, there will undoubtedly be confusion in the marketplace and an improper and unfair dilution of RESTORE's market presence.

**C.**     **Plaintiff Has a Likelihood of Success on the Merits**

"In order to show a likelihood of success on the merits, the party seeking injunctive relief need only 'raise a fair question as to the existence of the right which [it] claims and lead the court to believe that [it] will probably be entitled to the relief requested if the proof sustains [its] allegations.'" *Fox Fire Tavern, LLC v. Pritzker,* 2020 IL App (2d) 200623, ¶ 22 (quoting, *Stenstrom Petroleum Services Group, Inc. v. Mesch,* 375 Ill. App. 3d 1077, 1089 (2007) (quoting *LSBZ, Inc. v. Brokis,* 237 Ill. App. 3d 415, 425 (1992)). As stated at length above, Plaintiff RESTORE can establish its rights of publicity through 765 ILCS 1075/10, 765 ILCS 1075/15, and 765 ILCS 1075/20, and the existing restrictive covenants ancillary to the sale of Dr. Katona's business interest through the terms of the Separation Agreement.

Here, Plaintiff's rights of publicity in the use of Dr. Katona's name and likeness relating to this time and work with RESTORE is exclusively owned by RESTORE. It is unquestionable that the Advanced Hair Defendants are infringing on that right of publicity through their radio advertisements by referencing Plaintiff's celebrity endorsed billboards and identifying Dr. Katona as the surgeon who performed such procedures. Furthermore, the scope and duration of the restrictive covenants detailed in the Separation Agreement have been favored by Illinois Courts, thus demonstrating Plaintiff's likelihood of success in enjoining Defendants from interfering with

FILED DATE: 12/13/2024 2:32 PM   2024CH10640

those restrictive covenants. *See Russell v. Jim Russell Supply, Inc.*, 200 Ill. App. 3d 855, 865 (5th Dist. 1990) (upholding a non-compete agreement with a 100-mile radius and 10-year restriction); *See also Hamer Holding Group v. Elmore,* 202 Ill. App. 3d 994, 1009 (1st Dist. 1990) (upholding the circuit court's ruling that a restrictive covenant for a 75-mile radius and 3-year restriction was "entirely reasonable in terms of geographical area and duration"); *Bauer v. Sawyer*, 8 Ill. 2d 351 (1956) (five years); *Wyatt v. Dishong*, 127 Ill. App. 3d 716 (1984) (five years); *Rhoads v. Clifton, Gunderson & Co.*, 89 Ill. App. 3d 751 (1980) (five years).

In light of these facts and circumstances, Plaintiff RESTORE has a clear likelihood of success on the merits of its claims against the Advanced Hair Defendants, and has raised a fair question of such rights with a probability that it will be entitled to relief.

**D.     The Benefits of Injunctive Relief Outweigh Any Possible Injury to the Defendant.**

Ultimately, the entry of a temporary restraining order barring and preventing Defendants from using Dr. Katona's name and likeness as it relates to this work with RESTORE and preventing them from allowing Dr. Katona to perform Procedures at their Chicago office(s) would not harm Defendants other than to halt such advertisements. This would not affect their day-to-day business in Chicagoland. It would not affect their business outside of a 75-mile radius from RESTORE's offices in Illinois, and it would not cause any substantial financial or economic harm to the Advanced Hair Defendants. In fact, the only affirmative act that Defendants would have to take would be stop advertisements referencing Dr. Katona in and around Chicago, since the other part of the injunction requests that they simply refrain from allowing Dr. Katona to perform procedures in Defendants' Chicagoland office(s). If this Court fails to enter such a temporary restraining order, Plaintiff's business and market presence would be substantially, and likely irrevocably diminished.

FILED DATE: 12/13/2024 2:32 PM   2024CH10640

## CONCLUSION

For the foregoing reasons, Plaintiff, Restoration Holdings, LLC, by and through its attorneys, Barney & Karamanis LLP, request that this Honorable Court grant them the following equitable relief:

A.   Enter a temporary restraining order without bond against ADVANCED HAIR RESTORATION, LLC, ADVANCED HAIR RESTORATION OF CHICAGO LLC, AND SPARK MANAGEMENT LLC, compelling it to halt any advertisements referencing Dr. Atilla Katona and/or Dr. Katona within and around Chicago and the Chicagoland area;

B.   Enter a temporary restraining order without bond against ADVANCED HAIR RESTORATION, LLC, ADVANCED HAIR RESTORATION OF CHICAGO LLC, AND SPARK MANAGEMENT LLC, enjoining Defendants from publishing any advertisements, marketing materials, and/or websites referencing celebrity endorsed billboards around town and/or around Chicago;

C.   Enter a temporary restraining order without bond enjoining ADVANCED HAIR RESTORATION, LLC, ADVANCED HAIR RESTORATION OF CHICAGO LLC, AND SPARK MANAGEMENT LLC, from allowing Dr. Atilla Katona to perform any hair restoration procedures or practice hair restoration medicine on their behalf or at their locations within a 75-mile radius from 1415 W. 22nd Street, Suite 950, Oak Brook, Illinois 60523; and

D.   Grant Plaintiff such other relief as this Court deems just and equitable.

Respectfully submitted,

RESTORATION HOLDINGS, LLC,
/s/ James A. Karamanis
James A. Karamanis
Barney & Karamanis, LLP
180 N. Stetson, Ste 3050
Chicago, IL 60601
Tel.: 312/553-5300
Attorney No. 48525
James@bkchicagolaw.com
*ATTORNEY FOR PLAINTIFF*